Good morning and welcome to Judge Woodcock. May it please the Court, my name is Jeffrey Richmond. I appear this morning on behalf of Appellants Marcella Navarrete and Jose Castaneda. As the Court knows, this appeal involves the doctrine of equitable tolling and in particular California's version of that doctrine. Statutes of limitations exist for good reasons and they reflect important policies, but they are in tension with the found your account of the timeline very vague, so I'm trying to understand what time you think should be told for the complaint within the LAUSD Police Department and what time for the later Aurelius appeal and how that affects the overall timeline. I can't put it together. Do you need both of those time periods? Yes. You need both of them? Yes. And how much time is the first one? How much time? I mean, I can't figure out. You need a total of four months. The amount of time is the problem. You need a total of four months leaving aside the question of whether there's a jail entrance issue or not. Right. And at pages 20 through 23 of the excerpts of record is the equitable tolling section of the complaint because this issue was anticipated. The total time is approximately 170 days from the time that the appellants placed the appellees on notice of the nature of their injuries and of the nature of the alleged wrongful acts. And neither one of these alone is enough time? Neither one of the elapsed time for either the period with the school district police or the period with the city? Is that what you're saying? The elapsed time is approximately 170 days. And is each, either of them individually enough time? No. Is that right? I'm sorry. I'm not understanding. How much time was elapsed by the complaint to Officer Stevens? You've got from what, October of 2015, correct? Correct. And that's when they gave notice to the officer, right? Correct. And then the city of Los Angeles came in in April and May of 2014, correct? Correct. Correct. While the complaints... And you filed in February of 2016, right? Correct. The complaints to the LAUSDPF that were made by both appellants to Lieutenant Stevens remained pending throughout the entire time from October 2013 until the city of Los Angeles denied the two written claims in April of 2014. And then when they told you, when they denied, they simply didn't deny, they actually told you that the right person to sue was the school district, correct? Correct. And then you waited, what, 20 to 21 months, depending on when you got notice, in order to file suit? At that time, it was approximately another 20 months before the complaint was filed, yes. And why? Well... Why did you wait? Well, I don't think it was a matter of waiting. The appellants were interviewing different counsel, trying to establish a way to proceed. It took them 20 months to... It isn't that hard, counsel. The details... It wasn't that hard to file a complaint. It shouldn't have been that hard to find a willing attorney to take the case. The details of the interview process, of course, are not in the record, and I don't have much knowledge of what they went through as they interviewed different counsel and worked with counsel. I can't tell from the complaint what the point of the complaint with Officer Stevens was. What could it have accomplished? No, you never say that. It could have accomplished both some form of... They hoped that it could accomplish both some form of discipline and some form of improved education, some information distributed to officers. There's nothing to adjust their injuries. Isn't that the end of the story in terms of California law, that it has to do something to lessen their injury? I think it's a fair reading of the case law, that something to lessen their... And the prayer for relief in this case includes a prayer for injunctive relief requiring improved education of officers district-wide in terms of how to deal with the media and First Amendment issues. It could have resulted in some remedy that prevented this from happening to them again, if there was another thing they wanted to cover. Yes, I think so. And that was very much, that was very plausible outcome of their complaint to the dependency. Does the complaint say that? I mean, it was really very badly drafted. I couldn't understand. The complaint doesn't even say that. It doesn't say what it was that this was supposed to accomplish, does it? The complaints were... I'm not sure that when they first made the complaint, they had a... No, I'm saying the complaint in the lawsuit doesn't say what could have resulted from this complaint to Officer Stevens. Well, at several points in the complaint, they do allege that their injuries and that what they hope to achieve in the lawsuit is improved education and improved procedures for officers dealing with the media. Maybe it doesn't connect the dots as well as it could have in explaining that that was the remedy they sought when they met with Lieutenant Stevens. Now, in terms of the delay period, is it your understanding that California law now, as part of that delay period, or does it simply take out the period of time that an otherwise cognizable remedy was being pursued? I think that California law incorporates a fairly pure form of what this court has called in its federal equitable tolling cases, a stop clock procedure. It's in the case we state, and I'm quoting here, the effect of equitable tolling is that the limitations period stops running during the tolling event and begins to run again only when the tolling event has concluded. So, we have some cases, and there are some in California from before then, I think from before then, that do seem to include in the good faith period a delay consideration. And is your contention that Lancey sort of pulls that out? I think Lancey holds that California's approach to equitable tolling, the mechanics of how the time works, is a fairly strict stop clock procedure. There is the reasonable and good faith element of equitable tolling, but I don't know of any California case that has ever held that a plaintiff was obligated to file earlier. We have a case that says that directly about California law, so unless it's overruled by Lancey, it's still good law, right? Are you referring to the Irvin case? How do you distinguish Irvin? It's extremely, since we're dealing with a reasonableness test here that depends on all the facts, I think you have to look at all the facts. And in Irvin, the plaintiff was in possession of the defendant's entire investigative file for a year and a half before she filed her complaint. I understand. Isn't the answer that Lancey overrules it essentially? That Lancey says that that's not how we do equitable tolling, we just take the time out? I don't know that, I don't think I would argue that Lancey precludes, that it just wipes out the reasonableness argument entirely. But I don't think any California court has ever found that the reasonableness requirement requires a plaintiff to file earlier in an extended limitations period as opposed to later. Usually the way a limitations period works is that the plaintiff is free to file on the first day of the period or the last day of the period and there's no penalty for waiting until late in the period unless the Okay, do you want to reserve time? Yes, if I have just one minute left, I'd like to reserve that if possible. Thank you. Good morning, Calvin House for the defendants. In terms of the timeline, I would point the time attached to each of the tolling events. The event happened October the 15th, 2013 and as best we can glean from the allegations after that in paragraphs 49 through 52, there was a period of weeks and perhaps a couple of months that passed after the plaintiffs made their complaint to the LAUSD Police Department. It is not clear from the complaint when they filed their damages claims. They do tell us that they heard back in April. Well, one heard back in April and one heard back in May. And then they started consulting legal counsel in May of 2014, apparently. And then if I could address Irvin and the effect of Lancey. Lancey itself is really not enormously concerned with the elements of equitable tolling, the principle. I was very concerned with it. The whole question was how do you do equitable tolling? Well, there is a sentence that says that, but the case dealt with whether equitable And they concluded that it was not. After they concluded that, they also said even if it were available, it wouldn't apply here. And I think what Irvin and what some of the other California cases say is it's an... The United States Supreme Court had a case about two weeks ago where it emphatically said that the federal rule is the stop clock rule, that that's what tolling means. Isn't that what tolling means? What does tolling mean? That's what it means. Right. But it is an equitable doctrine, and in order to get equity, you have to act reasonably. And so I think the appropriate interpretation of Irvin and other California cases is in order to take advantage of equitable tolling, you have to act reasonably. That's certainly what Irvin says. Well, you can act reasonably in other respects, but there seems to be some conflict between saying you have to, the time comes out, and the remaining period is the time that's available. So why do you have to file early, any more than you're... I mean, in an ordinary...unless there's a laches defense. Ordinarily, if there's a six-year statute of limit, you can file after five months and 28 days, right? Five years and 28 days. Yes. And nobody gets to...and it may be very dilatory, but that's the limitations period. So why is this different? Because it's equity. And so... And equity requires reasonableness and good faith efforts by the plaintiff. Tolling, which is written into a statute, gives the conditions under which tolling applies. I mean, I understand how that theory would help you with regard, for example, to filing the claim with the City of Los Angeles, because the City of Los Angeles was not the employer here, and it's not reasonable to think it was. Okay, fine. So that's a good faith and reasonableness defense. But I don't see how it loops back to the time period. I understand we said that. But California law seems to be otherwise now. Is there any California case that has done this? And by this... Is there any California case that has, after tolling and taking out a period of time for anything, but including for a proceeding, has then said, but you should have filed sooner anyway, even though you were within the limitations period as thus calculated?  All right. However, the cases do say that in order to take advantage of equitable tolling, you have to act reasonably. And when you're asking the court to extend the time period beyond what is allowed, which in our case is 2 years, you have to show that you act reasonably in order to get equity to... Why isn't it reasonable to use your full limitations period? Why isn't that reasonable? Well, they had their full limitations period. They're asking the court to extend it under an equitable principle. Right. And according to Lancey, the way you do that is you take out the toll period, and you have the rest of the time left. So therefore, they had the time left, and why couldn't they just use it? If equitable tolling applies. Well, that's true. That's a different problem. So why don't we discuss that? Okay. Well, that's what I was attempting to say. In order to take advantage of equitable tolling, you have to act reasonably. And when you come before the court and say, give me more time beyond my 2 years, you have to show that you're acting... particular complaints were tolling or not tolling events. The first part, the making a complaint to the police department, is not a tolling event under California law, which requires you to be pursuing an alternate legal remedy, which can somehow adjust your grievance. Although there is a statement about wanting training, the essence of the grievance is on the day in question, they were deprived of, the plaintiffs were deprived of their civil rights by the way that the police officers acted. Doesn't the McDonald case require an action? By meaning a legal action. Some action, as opposed to, it's not action as opposed to inaction. Right. Oh, I see what you're saying. You're not talking about legal action. You're saying the plaintiff has to actually do something. Yes. Understood. That's true. And if we look at the cases that have applied equitable tolling, they all involve the pursuit of some sort of remedy that would at least reduce the damages that the plaintiffs would get in the 1983 action. No, they have to, it has to provide, yes, well, it has to lessen their injury or provide some remedy. And I was a little dubious about it at the outset, but I don't think his answer is necessarily a bad one, i.e., I mean, these people were reporters, and presumably they might well have the same problem again and they wanted to make sure it wasn't going to happen again. But they don't allege that. And the essence of the complaint seems to be the injury that was done to them when the police officer confronted them on the day in question. They do ask for injunctive relief in their complaint. Yes, there's a paragraph at the end. But in terms of the substantive allegations of the complaint, there's nothing that says that they're concerned that this is going to happen to them again, that they've had repeated contact with the LAUSD police or anything like that. So the essence of their claim is the damage that was caused to them. And they have not pointed to any procedure that could possibly apply that would adjust that grievance in any way. The California cases that apply it deal with a separate federal action that was filed. They deal with a workers' compensation proceeding. They all deal with some formal process. As to the complaint filed with the city, how is it? You say that doesn't count because the city had no jurisdiction essentially. Right. But if somebody files a federal case and is dismissed for lack of jurisdiction, there is a tolling. Well, but it's not really jurisdiction in that sense. It's in the sense that the defendants are not employees of the city, so there's nothing that the – I mean, I understand what the Court is saying. I think – I mean, I had the same reaction to begin with, but then I thought, well, if you file a case in federal court and it turns out that, you know, there's no federal question or there's not $75,000 or whatever, California law is clear that that is a tolling event, right? Yes, it is. They're just totally screwed up. You should have been. Well, but subject to what I've been saying, which is you must act reasonably, and if you run to federal court with no possible basis for doing it, I would argue that's not good faith and equitable tolling shouldn't apply. But, yes, in terms of the way that the cases read, that's true. Let's assume for a moment we focus not on the complaint to the officer but when the complaint against the city was filed and that period of tolling. Do we know that as a matter of – is that in the record? To my recollection, it's not in the record. What we have in the complaint is the notification of when the claims were denied. That's it. And the most that we have is a statement that Navarette didn't hear back for over a month and then she filed her claim for damages with the city. So how do we decide? That's all that we know. If we focus on the complaint and the period of the complaint, we don't know? Shouldn't we remand it then? Well, the plaintiffs have had an opportunity to cure any of these problems. Under the central district's meet and confer process, we explained this. They filed an amended complaint. They had an opportunity in their opposition to the district court to clarify any of this that might help them, and they didn't do so. So I don't know of an amendment that would assist them in this instance. They had the opportunity. They didn't present it. I see 20 seconds left. If there are any other questions, I'm happy to answer them. Okay. Thank you. Thank you. You have about a minute left. Thank you. I'd just like to respond very briefly to the argument that the prior complaints to LAUSDPF and to the city of Los Angeles don't count because they were not seeking an alternative remedy. There was a Well, the one to L.A. was. It was just the wrong person. Right. But in his argument, council argued that a prior action in order to qualify as a tolling event always has to have been seeking an alternative remedy. And there was a case last year from the California Supreme Court that we did not cite because we didn't think it was procedurally apposite. It involved a case in which a decision had been made on an evidentiary motion, much as it had been in the Garber v. City of Clovis case. But the California Supreme Court did say specifically, quote, we note that Are you going to give us a piece of paper that has the citation and so on, please? If the court would like me to submit a letter, I'd be happy to do that. Yes, or you can just leave a note with the deputy. Okay. The quote is, we note that pursuit of an I gave a copy to your opposing counsel. Thank you. Go ahead. We note that pursuit of an alternate remedy is not always required for equitable tolling. The doctrine is applied flexibly to ensure fundamental practicality and fairness. I'll provide this in writing, but that's JM v. Huntington Beach. Well, there are other kinds of equitable tolling other than ones for procedures. I mean, there are other theories for equitable tolling. Yes. Yes. The court is just saying that the prior action does not necessarily have to be in pursuit of a particular alternate remedy. Is that what they're saying, or they're saying it doesn't have to be? It could be equitably tolled for a prior proceeding, or it could be equitable tolled for some other reason. I think that they're saying that if the fundamental question in equitable tolling in California is always whether the three prongs of the test are met. Was there notice? Is there a lack of prejudice? Was there reasonableness and good faith? And I think the court is saying that as long as there was notice sufficient to avoid that prejudice, there doesn't have to have been pursuit of any particular alternative remedy, any kind of procedure, any communication that gets that notice across. So, in other words, if somebody writes a letter and says, you know, your car hit me and I wasn't paying money. It probably has to be a procedure that somehow is joined, as it was in this case, in which we at least allege that Lieutenant Stevens took the complaints and promised to do something with them and to get back to the appellants. There has to be at least a back-and-forth procedure. The Supreme Court in McDonald specifically said that it was trying to encourage, through its use of the equitable tolling doctrine, the pursuit of informal remedies. And I think that the disposition in this case should take that into account. Okay. Thank you very much. Thank you very much.
judges: Berzon, Bybee, Woodcock